UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ADAM BAHRENBURG,

    Plaintiff,

v.

AMOSKEAG PROPERTY MANAGEMENT, INC.,
a/k/a AMOSKEG PROPERTY MANAGEMENT, INC.,
d/b/a TRIDENT PROPERTIES MANAGEMENT,
a Florida corporation, and
MICHAEL BRODERICK, individually,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADAM BAHRENBURG, by and through his undersigned counsel, and sued the Defendants, AMOSKEAG PROPERTY MANAGEMENT, INC., a/k/a AMOSKEG PROPERTY MANAGEMENT, INC., d/b/a TRIDENT PROPERTIES MANAGEMENT, a Florida corporation ("Trident"), and MICHAEL BRODERICK, individually ("Broderick"), and for his cause of action, declares and avers as follows:

1. Plaintiff is a former employee of Defendants, and brings this action for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (hereinafter referred to as "the FLSA").

2. Plaintiff is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

3. Defendant Trident is a Florida corporation, providing property management services, and doing business in Florida, and is within the jurisdiction of this Court.

4. At all times material hereto, Defendant Broderick was and is an individual

1

resident of the State of Florida, Palm Beach County, who owns and operates Trident, and who regularly exercised the authority to hire and fire employees, including Plaintiff, determined the work schedules of employees, including Plaintiff, set the rate of pay of employees, including Plaintiff, determined Plaintiff's job duties and responsibilities, and controlled the finances and operations of Trident. By virtue of such control and authority, Broderick is an "employer"under the FLSA.

5. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, et seq..

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

7. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

8. At all times material hereto, during his employment with Defendants, Plaintiff was engaged in interstate commerce.

9. At all times material hereto, there was enterprise and/or individual coverage under the FLSA.

10. At all times material, and for the three (3) years preceding the filing of this lawsuit, the Corporate Defendant has had annual gross volume of sales or business done of not less than $500,000, as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203® and 203(s).

11. At all times material hereto, Plaintiff was employed by Defendants as a non-exempt field operations doing construction and grounds work, and was paid on an hourly basis.

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiff performed hours of service for Defendants in excess of forty during one or more workweeks, for which Defendants failed to properly pay additional compensation.

13. In the course of his employment with the Defendants, Plaintiff worked the number of hours required of him, many times in excess of forty (40), but was not properly paid overtime.

14. At all times material hereto, Defendants only paid "straight-time" for all hours worked by Plaintiff and failed to pay the additional "half-time" in overtime compensation owed to Plaintiff.

15. The pay practices of the Defendants as described in the above paragraphs violated the FLSA by failing to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

16. The complete records concerning the number of hours actually worked by, and the compensation actually paid to, Plaintiff, are in the possession, custody and control of the Defendants, and Plaintiffs is unable to state at this time the exact amount due and owing him. Indeed, Plaintiff's pay records only reflect the total hours worked by him in the two-week pay period, fail to separate out the hours worked each workweek, and do not specify or provide for the number of overtime hours worked by Plaintiff in a single workweek. Plaintiff proposes to obtain such information by appropriate discovery to be taken promptly in this case. However, the time records maintained by Plaintiff reflect a overtime hours worked for which he was not paid overtime compensation during the applicable period of time (*i.e.*, May 2014 through May 2017).

## **COUNT I - RECOVERY OF UNPAID OVERTIME**

17. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

3

18. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.

19. By reason of the willful and unlawful acts of the Defendants, Plaintiff has suffered damages plus incurred costs and reasonable attorneys' fees.

20. As a result of the Defendants' violation of the Act, Plaintiff is entitled to liquidated damages in an amount equal to that which he is owed as unpaid overtime.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the wages and overtime payments due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: May 19, 2017  
        Boca Raton, FL

Respectfully submitted,

*s/ Robin I. Frank*  
ROBIN I. FRANK, ESQ.  
Florida Bar No. 0649619  
E-Mail: rfrank@sbwh.law  
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.  
7777 Glades Road, Suite 400  
Boca Raton, FL  33434  
Telephone: (561) 477-7800  
Facsimile: (561) 477-7722  
Counsel for Plaintiff